# GIANAKIS LAW LLC
Attorney at Law

James P. Gianakis

51 JFK Parkway, 1st Floor
Short Hills, New Jersey 07078

315 Madison Avenue, 3rd Floor
New York, New York 10017

New Jersey: 973.218.2500
New York: 212.878.8815
Mobile: 908.337.4436

August 7, 2023

**VIA E-FILING**

Honorable Hector Gonzalez, U.S.D.J.
United States District Court
 for the Southern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **Becky Pund, et al. v. SFC College, et al.**
               **Civil Action No. 1:23-cv-1498-HG**

Dear Judge Gonzalez:

      This firm represents the Plaintiffs, Becky Pund and Charles Pund, in the above-referenced matter. Pursuant to the Court's Order, dated July 31, 2023, please accept this letter explaining why the United States District Court for the Eastern District of New York has subject matter jurisdiction and should retain this case. Please also allow this letter to supplement previous submissions to the Court, including but not limited to the parties' joint letter dated July 17, 2023 and Plaintiffs' Amended Complaint and Jury Demand, filed on July 7, 2023, that limited discussion about subject matter jurisdiction to the issue of diversity, but should have also noted that subject matter jurisdiction exists based on specific federal questions.

      In short, when Plaintiffs filed their initial Complaint and Jury Demand, this office completed a Civil Cover Sheet that in pertinent part required declaring the basis for jurisdiction by checking "One Box Only" even if more than one basis applied and the nature of the suit by checking "One Box Only" from among dozens of areas of law. Plaintiffs noted that this Court has subject matter pursuant to *28 U.S.C. §1332 (Diversity)* based upon personal knowledge that Plaintiffs are individuals who reside in New Jersey, that Defendant, St. Francis College, is incorporated in New York and has its principal place of business in New York, and that Defendant, Irma Garcia, was an employee of St. Francis College in New York. It has now been disclosed by counsel for Ms. Garcia, that she is a resident of New Jersey.

Respectfully, Plaintiffs should have also more clearly noted in its previous filings that subject matter jurisdiction exists based upon *28 U.S.C. §1332 (Federal Question)* to confirm for the Court that this matter belongs in federal court. Plaintiffs' allegations clearly address issues particular to federal law, statutes, and regulations, including but not limited to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 et seq. ("Title IX"), as well as every National Collegiate Athletic Association ("NCAA") requirement, regarding the safety, security, monitoring, investigation, reporting, and remediation of all matters related to the well-being of their student-athletes, and in particular, their female student-athletes and Ms. Pund, and various federal employment and tort laws. This is a civil action for entry of a final judgment of injunctive relief, together with compensatory and punitive damages, based upon (a) the unlawful breach by St. Francis College, Ms. Garcia, John Thurston, and their agents of specific federal, state, and local contractual obligations and promises upon which Plaintiffs detrimentally relied in connection with Becky's recruitment, period of enrollment, separation from, and subsequent investigation by St. Francis College and its agents into Defendants' unlawful conduct, (b) the unlawful conduct and comments by members of St. Francis College, Ms. Garcia, Mr. Thurston, and their agents during and following Ms. Pund's period of enrollment at St. Francis College, including but not limited to serious acts of bullying, hazing, harassment, discrimination, and sexual abuse and misconduct, that severely impacted Plaintiffs and other female student-athletes as they tried to protect themselves and move on from what had happened, and (c) the unlawful efforts by St. Francis College, Ms. Garcia, Mr. Thurston, and their agents to cover up their unlawful conduct, to obstruct investigations into what had happened, and to discredit Ms. Pund in the college's further attempt to distance itself from federal, state, and local legal and regulatory requirements to maintain a safe environment for its female student-athletes.

The court has personal jurisdiction over St. Francis College and venue is proper pursuant to *28 U.S.C. § 1391(a)* as Ms. Pund attended school at St. Francis College within the Eastern District of New York, and the agreements and promises made to Plaintiffs, together with the unlawful events giving rise to these claims, occurred within the Eastern District of New York.

Thank you for the Court's continuing attention to and guidance in this matter.

Respectfully submitted,

*s / James P. Gianakis*

James P. Gianakis

cc: Ryan Soebke, Esq. (via e-filing)
Ariel Ronneburger, Esq. (via e-filing)