UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BECKY PUND and CHARLES PUND,

                Plaintiffs,

        v.

ST. FRANCIS COLLEGE, IRMA GARCIA,
JOHN THURSTON, and JOHN DOES 1–10,

                Defendants.

**ORDER**

23-CV-01498 (HG)

**HECTOR GONZALEZ**, United States District Judge:

The Court previously ordered Plaintiffs to file a letter explaining why Plaintiffs' amended complaint should not be dismissed without prejudice for lack of diversity jurisdiction since Defendants have filed a disclosure statement, pursuant to Rule 7.1(a)(2), stating that Defendant Irma Garcia is a citizen of New Jersey, the same state which Plaintiffs allege is their state of citizenship. ECF Order dated July 31, 2023. Plaintiffs have responded with a letter, *see* ECF No. 25, which asserts that even though Plaintiffs' amended complaint alleges diversity jurisdiction as the only basis for subject matter jurisdiction, *see* ECF No. 17 ¶ 8, Plaintiffs nevertheless intended also to invoke the Court's federal question jurisdiction by asserting a claim under Title IX of the Education Amendments of 1972 ("Title IX").

Although Plaintiffs' amended complaint does not identify Title IX among the several claims that Plaintiffs purport to assert, *see* ECF No. 17 at 12, the amended complaint mentions Title IX on several occasions. *Id.* ¶ 12 (alleging that Defendant Garcia "assur[ed] the Punds. . . that St. Francis took its responsibilities very seriously regarding compliance with every federal, state, and local law, including but not limited to Title IX"); *id.* ¶ 25 (alleging that Plaintiff "Becky [Pund] was referred to the college's Title IX Coordinator, and an investigation was

opened"); *id.* ¶ 27 (alleging that "Defendants have violated several federal, state and local laws and regulations, as well as St. Francis's own policies and procedures," "including Title IX"). Plaintiffs' portion of their amended complaint that lists various "causes of action" also asserts claims for "[s]exual abuse and misconduct," "[h]arassment," "[d]iscrimination," and "[r]etaliation," *see* ECF No. 17 at 12, which the Second Circuit and its district courts have recognized as forms of misconduct that can give rise to Title IX claims, *see, e.g.*, *Doe v. Columbia Univ.*, 831 F.3d 46, 53–56 (2d Cir. 2016); (discussing pleading standard for Title IX discrimination claims); *Morin v. Fordham Univ.*, No. 21-cv-7909, 2022 WL 4586042, at *7–8 (S.D.N.Y. Sept. 28, 2022) (discussing pleading standards for harassment and retaliation claims under Title IX).

Plaintiffs' insistence that their amended complaint intended to assert a federal cause of action under Title IX highlights that both of Plaintiffs' complaints so far have engaged in improper "shotgun pleading." As the Eleventh Circuit has explained, "[a] shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (affirming dismissal of complaint).[1] Plaintiffs' amended complaint exhibits at least three of the "four rough types or categories of shotgun pleadings." *Id.*; *see also Oliver v. N.Y. State Police*, No. 17-cv-1157, 2019 WL 453363, at *10 (W.D.N.Y. Feb. 5, 2019) (explaining that plaintiff's complaint "constitute[d] a shotgun pleading" because it "consist[ed] of voluminous factual allegations followed by a list of 20 causes of action, none of which are tied to any of the preceding facts"). First, Plaintiffs' amended complaint "is replete with conclusory, vague, and immaterial facts not obviously

---

[1]     Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

connected to any particular cause of action." *Barmapov*, 986 F.3d at 1325. Second, it "does not separate each cause of action or claim for relief into a different count." *Id.* Finally, it "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* Such defects can be sufficient grounds to dismiss Plaintiffs' amended complaint without reaching the merits of their claims. *See Cissé v. Annucci*, No. 22-cv-156, 2022 WL 1183274, at *2 (N.D.N.Y. Apr. 21, 2022) (explaining that "[c]ourts in this Circuit and elsewhere have routinely dismissed shotgun pleadings"); *Oliver*, 2019 WL 453363, at *10 (ordering plaintiff "to provide a more definite statement" and warning that "failure to comply with this direction may result in [the] [c]omplaint being stricken").

Plaintiffs shall file a second amended complaint no later than August 15, 2023, that: (i) more clearly asserts a cause of action under Title IX; (ii) invokes the Court's federal question jurisdiction; and (iii) addresses the shotgun pleading defects described in this order. Following this amendment, the Court will not allow Plaintiffs to amend their complaint any further, other than for the purpose of identifying the John Doe Defendants, in the absence of extraordinary circumstances demonstrating good cause. Defendants shall file a letter no later than August 22, 2023, indicating whether they intend to move to dismiss Plaintiffs' second amended complaint. Since the parties have already exchanged pre-motion letters, Defendants' letter need not describe the legal and factual bases for their planned motion to dismiss, and Plaintiffs shall not file a responsive letter. If Defendants decide to move to dismiss the second amended complaint, then Defendants shall file their opening papers in support of the motion on or before September 14, 2023. Plaintiffs shall file opposition papers on or before October 16, 2023, and Defendants shall file reply papers on or before October 30, 2023. If Plaintiffs fail to address the shotgun pleading

issues in their second amended complaint, the Court will take under consideration whether to dismiss that complaint for failing to comply with the pleading standards in Rules 8 or 10, in addition to any grounds raised in Defendants' motion to dismiss.

Since Plaintiffs' letter implies that they still intend to invoke the Court's diversity jurisdiction as an alternative basis for jurisdiction, *see* ECF No. 25, Plaintiffs must still file the various submissions supporting their allegations of diversity jurisdiction required by the Court's prior order, *see* ECF No. 20.  The parties must also continue pursuing discovery according to the deadlines in the Court's scheduling order, *see* ECF No. 21, regardless of whether Defendants file a motion to dismiss.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
August 8, 2023